# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**JULIEN XAVIER NEALS**
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

June 3, 2026

## LETTER OPINION

Re: *LX Pantos America, Inc. v. AGX Freight Logistics, LLC and TT Club Mutual Insurance Ltd.*
Civil Action No. 25-15988 (JXN)(AME)

Dear Parties:

Before the Court is Defendant TT Club Mutual Insurance Ltd.'s ("TT Club") motion to compel arbitration. (ECF No. 20.) Plaintiff LX Pantos America, Inc. ("Pantos") opposed (ECF No. 23), and TT Club replied (ECF No. 26). For the reasons stated below, TT Club's motion is **administratively terminated** pending supplemental briefing as to whether the Court has subject matter jurisdiction over this action.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "possess only that power authorized by Constitution and statute." *Id.* Federal courts thus "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Based on this record, however, the Court cannot assure itself of its subject matter jurisdiction over this action.

Pantos is a Texas corporation doing business in New Jersey. (Compl. ¶ 1, ECF No. 1.) Defendant AGX Freight Logistics LLC ("AGX") is a Georgia LLC doing business in Florida. (*Id.* ¶ 2.) TT Club is a foreign insurance company[1] with an office in New Jersey. (*Id.* ¶ 3.) Pantos sued AGX under the Carmack Amendment, 49 U.S.C. § 14706, and TT Club for breach of contract. (*See generally id.*)

28 U.S.C. § 1337(a) empowers federal courts to hear Carmack Amendment claims "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." In any case where the Court already has jurisdiction, 28 U.S.C. § 1367(a) permits federal courts to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

---

[1] Pantos alleges TT Club is a Bermuda corporation (Compl. ¶ 3); TT Club claims it is an English corporation (*see* Moving Br. at 2 n.2, ECF No. 20-1).

Here, the Complaint alleges that the twenty-five bills of lading at issue have a combined value of over $3 million but does not state whether *each* bill of lading exceeded $10,000. (*See* Compl. ¶¶ 33–34.) Absent more facts, the Court cannot find it has subject matter jurisdiction over the Carmack Amendment claim against AGX under 28 U.S.C. § 1337(a) and supplemental jurisdiction over the breach of contract claim against TT Club under 28 U.S.C. § 1367(a).

Federal courts also have jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Id.* at 420.

Pantos is a Texas and New Jersey citizen. TT Club was incorporated overseas. But neither Pantos nor TT Club identify TT Club's principal place of business. Therefore, the Court cannot conclude Pantos and TT Club are completely diverse. Though AGX is an LLC, Pantos has not identified the citizenship of AGX's members. The Court, therefore, cannot find the parties to this action are completely diverse.

Because federal courts have limited jurisdiction, *Kokkonen*, 511 U.S. at 377, this Court must make "a threshold determination of subject matter jurisdiction prior to proceeding with an analysis of the motion to compel," *Edmondson v. Lilliston Ford, Inc.*, 593 F. App'x 108, 112 (3d Cir. 2014). The Court cannot do so on this record.

To assure itself of its subject matter jurisdiction, the Court requires supplemental information as to (1) the amount in controversy for *each* bill of lading or receipt at issue; (2) TT Club's principal place of business; and (3) the citizenship of AGX's members.

It is therefore **ORDERED** that the parties shall have thirty (30) days to submit supplemental briefs addressing those three issues. The motion to compel arbitration (ECF No. 20) is hereby **ADMINSITRATIVELY TERMINATED** pending the Court's receipt of supplemental briefings.


**SO ORDERED.**

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge